# KENTUCKY COURT OF APPEALS

Jesse Maratta, et ux v. William H. Ruble.

**Wills—Devise Lost by Acts of Deceased.**

Where a devise, is left open to a contingency, which may be performed by the testator, and he negligently performs it, by transferring the reversion to his own name, and devise is null and void as to the other legatees.

**Same.**

A testator devised to his grand-children certain property, with a right to make other investments equal in value, in lieu thereof, for their joint interest. Afterwards, he purchased lands with funds equal to the amount of the legacy, but took the title in his own name, and died without making further provision. Held to render null and void the legacy under the will.

**Same—No Writing by Testator to Bind His Estate.**

In the absence of a writing signed by the testator, and the convertance by him of their money into real estate, it operates as an ademption of their respective legacies, and leaves them no right to take under the will.

**Same.**

The devisees would only be entitled to the land, thus purchased by the testator, and not to a distribution under the will.

APPEAL FROM SPENCER CIRCUIT COURT.

May 17, 1871.

OPINION OF THE COURT BY JUDGE LINDSEY:

The land and personal property devised to William H. Ruble were charged with the payment of the legacies to the three young Housers, only upon the condition that the testator during his life time did not make investments for them equal in value to the respective amounts to which they were entitled, or if the investment was for their joint benefit, equal in value to the aggregate amount devised to the three legatees.

It is clear from the will itself that the testator reserved to himself the right to make such investment, and we think the proof in the record can leave no doubt but that when he pur-chased the tract of land from Holt, it was for the express

vol. 4—3.

purpose of making a proper investment of that portion of his estate he intended them to take under his will. He so expressed himself at the time of the purchase, and repeatedly up to the time of his death, and actually· sold off a portion of the land to reduce its value to the amount he. had provided that his grand children should take under his will. Appellants, however, insist that as he took the title of the tract of land to himself, and as he failed to change his will or to execute any writing whatever evidencing the purpose for which said land was bought, that it did not pass to the grand children under the will, but that so far as the same is concerned, their ancestor died intestate. If this be correct, (it being conceded, as it must be, that the testator bought the land for the grand children, and invested in it the money he intended them to have), then it is their title which fails, on account of not being evidenced by a writing signed by their grandfather, and the convertance of the money intended for them into real estate operates as an ademption of their respective legacies, and leaves no right to take anything under the will. William H. Ruble cannot be compelled to make good the devises to them, because the testator relieved the estate bequeathed to him of that charge, by making an investment for them himself, as he reserved the right to do, and if by reason of carelessness or negligence on the part of the grandfather, the grandchildren lose the land bought for them with the money set apart for their benefit by the will, it is their misfortune, and one for which William H. Ruble cannot be held responsible.

It is not pretended that the testator by converting into land the "money" devised to the three grandchildren intended or contemplated the ademption of their legacies, and as no such intention appears "from the will, or by parol, or other evidence" we are satisfied that it would do violence to the spirit and intention of section 1, article 3 of chapter 46 of the Revised Statutes to hold that the land into which the "money" devised was converted did not pass under the will to the three legatees. Wherefore the judgment of the court below is *affirmed.*

*Bullock & Davis, for appellant.*

*Z. Wheat, for appellee.*